John W. INMAN, Plaintiff–Appellant,

v.

David THAWLEY and John Lilley, individuals; University and Community College System of Nevada, a political subdivision of the State of Nevada, Defendants–Appellees,

and

Hudson Glimp, Defendant.

No. 07–15567.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Oct. 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Suite B, Reno, NV, for Plaintiff–Appellant.

** This disposition is not appropriate for publication and is not except as provided by 9th

Charles Hilsabeck, Esq., Mary P. Dugan, Esq., University of Nevada, Reno Nevada System of Higher Education, Reno, NV, for Defendants–Appellees.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

## MEMORANDUM **

Plaintiff John W. Inman appeals the summary judgment entered in favor of Defendants University and Community College System of Nevada, now known as the Nevada System of Higher Education, David Thawley, and John Lilley. We affirm.

The Nevada System of Higher Education is immune from suit under the Eleventh Amendment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 883 n. 17 (9th Cir.2004). The claims against Defendants Thawley and Lilley in their individual capacities, however, are not barred. *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 973 (9th Cir.1994).

Plaintiff's defamation claim fails. The statements in Plaintiff's performance evaluations expressed opinions, not facts, and therefore do not give rise to a defamation claim. *Nev. Indep. Broad. Corp. v. Allen*, 99 Nev. 404, 664 P.2d 337, 341 (1983). The statements made in media publications were not false, were not defamatory, and did not concern Plaintiff specifically. These statements thus fail to meet the criteria for defamation established in *Simpson v. Mars Inc.*, 113 Nev. 188, 929 P.2d 966, 967 (1997).

Cir. R. 36–3.

■ Plaintiff's First Amendment retaliation claim also fails because Plaintiff did not show an adverse employment action. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003). The alleged ultimatum that the University would withhold recommendation letters was, at most, an isolated verbal threat that was not actually carried out. Because Plaintiff failed to allege either a successful defamation or First Amendment claim, his "defamation plus" claim must also fail.

■ Finally, Plaintiff's due process claim fails because Nevada law affords public employees a post-termination hearing, not a pre-termination hearing. Nev. Rev.Stat. § 284.390(1).

AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided